LA QUINTA MOTOR INNS, INC., Appellant,

v.

SCHMELIG CONSTRUCTION COMPANY, INC., Appellee.

No. A2716.

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 3, 1981.

Rehearing Denied July 1, 1981.

Thomas H. Crofts, Norman L. Nevins, Steven C. Laird, Groce, Locke & Hebdon, San Antonio, for appellant.

Emerson Banack, Jr., San Antonio, for appellee.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

PAUL PRESSLER, Justice.

La Quinta Motor Inns (hereafter Appellant) appeals an order sustaining the special appearance of Schmelig Construction Co. (hereafter Schmelig), a non-resident defendant. We reverse the order of the court dismissing this cause as to Schmelig and order it reinstated.

On July 9, 1979, Appellant filed four suits against Janell Construction Co. and its parent Schmelig for the breach of five construction contracts for certain motels at Nashville, Tennessee; Las Vegas, Nevada; Mobile, Alabama; Tallahassee, Florida; and Beaumont, Texas. On August 27, Schmelig entered a Special Appearance in each suit. The four suits were consolidated on September 27, 1979. On March 25, 1980, after a hearing, the court sustained Schmelig's objection to jurisdiction and on April

ordered Appellant's cause of action against Schmelig severed and dismissed for want of jurisdiction.

Essentially Appellant raises two contentions: 1) Schmelig's relationship with Janell Construction results in sufficient minimum contacts with Texas to subject it to the jurisdiction of the courts of this state; and 2) Schmelig's own contacts with Texas result in the requisite minimum contacts. We address only the second contention.

Appellant contends that Schmelig, by guaranteeing the performance of Janell on the Tallahassee project, has undertaken to perform an act in Texas which is incident to the controversy from which this case arises. The contract did not provide a place for payment. Therefore, payment would be at the domicile of the payor. As guarantor, Schmelig's liability under the Tallahassee project is measured by the liability of Janell.

We, therefore, hold that Schmelig has done business in this state by guaranteeing the Tallahassee contract through the mails. It is partially performable in Texas. Schmelig is, therefore, subject to jurisdiction under our Longarm Statute. Tex.Rev. Civ.Stat.Ann. art. 2031b sec. 4 (Vernon Supp. 1980–1981). We also hold that this is not a violation of due process. Schmelig undertook to perform the transaction in this state and this cause of action arises out of that transaction. The exercise of such jurisdiction will not offend traditional notions of fair play and substantial justice. We find no undue inconvenience to Schmelig in requiring it to defend this cause in Texas. No exceptional advantage or disadvantage will be afforded either party by the laws of this state.

The orders sustaining the special appearance of Schmelig and severing and dismissing this cause as to Schmelig are reversed and Appellant's cause of action against Schmelig is ordered reinstated.